COPY

1   BEN H. LOGAN (S.B. #71711)
    blogan@omm.com
2   STEPHEN H. WARREN (S.B. #136895)
    swarren@omm.com
3   JUSTINE M. DANIELS (S.B. #241180)
    jdaniels@omm.com
4   O'MELVENY & MYERS LLP
    400 South Hope Street
5   Los Angeles, California 90071
    Telephone:  (213) 430-6000
6   Facsimile:   (213) 430-6407

7   Attorneys for Defendants
    Those Certain Underwriters At Lloyd's, London and
8   Catlin Insurance Company (UK) Ltd., Twin City Fire
    Insurance Company, and Continental Casualty Company
9
    BRIAN HARRISON (S.B. #157123)
10  brian.harrison@sdma.com
    ROBERT S. GEBHARD (S.B. #158125)
11  robert.gebhard@sdma.com
    VEENA A. MITCHELL (S.B. #161153)
12  veena.mitchell@sdma.com
    SEDGWICK LLP
13  One Market Plaza
    Steuart Tower, 8th Floor
14  San Francisco, California 94105
    Telephone:  (415) 781-7900
15  Facsimile:   (415) 781-2635

16  Attorneys for Zurich American Insurance Co.

17              UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

| 19 | In re | Case No. |
|----|-------|----------|
| 20 | INDYMAC BANCORP, INC., a Delaware corporation, | CV 11 - 02950 RGK |
| 21 | Debtor. | Bankr. Case No. 2:08-bk-21752-BB |
| 22 | INDYMAC MBS, INC., a Delaware corporation, | Adv. Pro. No.: 2:11-ap-01820-BB |
| 23 | Plaintiff, | **(1)  NOTICE OF MOTION AND MOTION OF ABC CARRIERS TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT** |
| 24 | | |
| 25 | v. | **(2)  MEMORANDUM OF POINTS AND AUTHORITIES** |
| 26 | ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation; | Date:        May 16, 2011 |
| 27 | ZURICH AMERICAN INS. CO., a Delaware corporation; TWIN CITY FIRE | Time:        at 1:00 a.m. |
| 28 | INS. CO., a Delaware corporation; | |

ABC CARRIERS' MOTION TO WITHDRAW
REFERENCE FOR 2:11-01820-BB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONTINENTAL CASUALTY CO., a Delaware corporation; XL SPECIALTY INS. CO., a Delaware corporation; ARCH INS. CO., a Delaware corporation; AXIS INSURANCE CO., a Delaware corporation; CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, an unincorporated association; FEDERAL INS. CO., a New Jersey corporation; NATIONAL UNION FIRE INS. CO. OF PITTSBURGH PENNSYLVANIA, a Delaware corporation; LEXINGTON INS. CO., a Delaware corporation; CATLIN INS. CO., LTD., a United Kingdom corporation; MICHAEL W. PERRY; A. SCOTT KEYS; LOUIS E. CALDERA; LYLE E. GRAMLEY; HUGH M. GRANT; PATRICK C. HADEN; TERRANCE G. HODEL; ROBERT L. HUNT, II; LYDIA H. KENNARD; BRUCE G. WILLISON; JOHN OLINSKI; S. BLAIR ABERNATHY; RAPHAEL BOSTIC; SAMIR GROVER; SIMON HEYRICK; VICTOR H. WOODWORTH; LYNETTE ANTOSH; SCOTT VAN DELLEN; RICHARD KOON; KENNETH SHELLEM; WILLIAM ROTHMAN; JILL JACOBSEN and KEVIN CALLAN,

Defendants.

1    I, Justine M. Daniels, declare:

2

3        1.  I am an attorney in the law firm of O'Melveny & Myers LLP, counsel to

4    Defendants Those Certain Underwriters At Lloyd's, London and Catlin Insurance

5    Company (UK) Ltd., Subscribing to Policy No. QA011608, Twin City Fire

6    Insurance Company, Continental Casualty Company, and Zurich American

7    Insurance Company (collectively, the "ABC Carriers").  I submit this declaration in

8    support of the Motion of the ABC Carriers to Withdraw the Reference to the

9    Bankruptcy Court for Adversary Proceeding No. 2:11-01820-BB (the "Motion").

10   Unless otherwise stated, the matters in this declaration are based upon my own

11   personal knowledge or upon my review of the record in the above-captioned

12   adversary proceeding (this "Adversary Proceeding"), *In re IndyMac*, case no. 08-

13   21752-BB (the "Bankruptcy Case"), and other related actions.  I am over the age of

14   eighteen years and if called as a witness, I could and would testify competently

15   hereto under oath.

16

17       2.  Prior to declaring bankruptcy, certain directors and officers insurance

18   policies (the "Policies") were issued to IndyMac Bancorp, Inc. (the "Company" or

19   the "Debtor")to provide—subject to their terms, conditions, and exclusions—

20   coverage for certain directors and officers of the Company and its subsidiaries (the

21   "Ds & Os").  The Policies cover two policy years—March 1, 2007 to March 1,

22   2008 (styled, the "First Tower") and March 1, 2008 to April 1, 2009 (styled, the

23   "Second Tower").

24

25       3.  The Second Tower is comprised of four multi-purpose policies ("the Side

26   ABC Policies").  Insurance Policy No. 509/QA011608 issued by Those Certain

27   Underwriters At Lloyd's, London and Catlin Insurance Company (UK) Ltd.,

28   Subscribing to Policy No. QA011608 (the "Primary Policy") functions as the

- 1 -

1   primary policy for the Side ABC Policies.  A true and correct copy of the Primary

2   Policy is attached to hereto as **Exhibit 1**.

3

4         4.  The Second Tower also provides coverage exclusively for direct loss

5   incurred by the Ds & Os ("Side A Only Policies").  Insurance Policy No. ELU

6   103295-08 issued by XL Specialty Insurance Company ("XL Specialty") functions

7   as the primary policy for the Side A Only Policies (the "XL Specialty Policy").  A

8   true and correct copy of the XL Specialty Policy is attached hereto as **Exhibit 2**.

9

10        5.  On October 28, 2008, the United States Bankruptcy Court for the Central

11  District of California (the "Bankruptcy Court") held a hearing on the Motion of

12  Current and/or Former Directors and Officers for Determination that Insurance

13  Proceeds Are Not Subject to the Automatic and/or Relief from the Automatic Stay

14  Under 11 U.S.C. § 362.  True and correct copies of the relevant portions of the

15  transcript of that hearing are attached hereto as **Exhibit 3**.

16

17        6.  On November 26, 2008, Louis E. Caldera, Hugh M. Grant, Terrance G.

18  Hodel, Robert L. Hunt II, and Lydia H. Kennard filed Proofs of Claim in the

19  Bankruptcy Case (the "Directors Proofs of Claim").  True and correct copies of the

20  Directors Proofs of Claim are attached hereto as **Exhibit 4**.

21

22        7.  On December 15, 2006, the Bankruptcy Court entered the Order

23  Approving Stipulation Resolving Motions of Current and/or Former Directors and

24  Officers for Determination that Insurance Proceeds Are Not Subject to the

25  Automatic and/or Relief from the Automatic Stay Under 11 U.S.C. § 362 in the

26  Bankruptcy Case (the "Stipulation").  A true and correct copy of the Stipulation is

27  attached hereto as **Exhibit 5**.

28

DANIELS DECL. ISO MOT. TO
WITHDRAW REFERENCE 2:11-01820-BB

8.   On August 11, 2009, the Bankruptcy Court entered the Order Approving Stipulation Resolving Motion for an Order Adding Kenneth Shellem and Richard S. Koon, II to Stipulation and Granting Further Relief from Stay to Access Insurance Proceeds in the Bankruptcy Case, Docket No. 352 (the "August '09 Order").  A true and correct copy of the August '09 Order is attached hereto as **Exhibit 6**.

9.   On June 2, 2010, the Bankruptcy Court entered the Order Approving Stipulation Extending Prior Orders Granting Relief from Stay to Access Insurance Proceeds and Granting Further Relief in the Bankruptcy Case, Docket No. 456 (the "June '10 Order.").  A true and correct copy of the June '10 Order is attached hereto as **Exhibit 7**.

10.  On January 12, 2011, Ace American Insurance Company ("ACE") filed a complaint for declaratory relief in *ACE American Insurance Company v. Perry et al.*, No. BC452871 in the Superior Court of the State of California for the County of Los Angeles.  That action was removed to the Bankruptcy Court on February 10, 2011 and voluntarily dismissed by ACE on March 3, 2011.

11.  On February 2, 2011, the Alfred H. Siegel, in his capacity as the Chapter 7 Trustee for the Debtor (the "Trustee") filed a complaint for declaratory relief in *Siegel v. Certain Underwriters at Lloyds of London*, case no. 11-ap-01443-BB (the "Trustee's Coverage Complaint") in the Bankruptcy Court (the "Trustee's Coverage Action").  A true and correct copy of the Trustee's Coverage Complaint, without exhibits, is attached hereto as **Exhibit 8**.

12.  On February 23, 2011, the Federal Deposit Insurance Corporation ("FDIC")—as receiver for IndyMac MBS, Inc.—filed a complaint for declaratory relief in *IndyMac MBS, Inc. v. Ace American Ins. Co. et al.*, case no. BC-455772

1 (the "Original FDIC Complaint") in the Superior Court of the State of California

2 for the County of Los Angeles (the "FDIC Coverage Action"), which is the subject

3 of the Motion.  The Original Complaint did not name the Trustee as a defendant.  A

4 true and correct copy of the Original FDIC Complaint without exhibits is attached

5 hereto as **Exhibit 9**.

6

7      13.  The FDIC Coverage Action was removed to the Bankruptcy Court

8 March 16, 2011 by Michael W. Perry, the former Chairman of the Board and Chief

9 Executive Officer of the Company.  A true and correct copy of the Notice of

10 Removal without exhibits is attached hereto as **Exhibit 10**.

11

12      14.  On March 17, 2011, certain other Ds & Os filed the Individual

13 Defendants' Joinder in Notice of Removal.

14

15      15.  On March 31, 2011, an amended complaint was filed in the FDIC

16 Coverage Action (the "FDIC Amended Complaint").  The principal change in the

17 FDIC Amended Complaint was to add the Trustee as a defendant.  A true and

18 correct copy of the FDIC Amended Complaint without exhibits is attached hereto

19 as **Exhibit 11**.

20

21      16.  On March 10, 2011, XL Specialty, Arch Insurance Company, ACE, and

22 Axis Reinsurance Company (collectively, the "Side A Carriers")—filed a complaint

23 for declaratory relief in *XL Specialty Insurance Co. et al v. Michael W. Perry et al.*,

24 case no 11-cv-02078-GHK-JCG (the "Side A Complaint") in this Court (the "Side

25 A Coverage Action").  A true and correct copy of the Side A Complaint without

26 exhibits is attached hereto as **Exhibit 12**.

27

28      17.  On March 28, 2011, I personally participated in a telephonic meet and

DANIELS DECL. ISO MOT. TO
WITHDRAW REFERENCE 2:11-01820-BB

1   confer held pursuant to Local Rule 7-3 regarding the filing to the Motion.  While
2   the parties were unable to reach a resolution regarding withdrawal of the reference,
3   all agreed that the Trustee's, FDIC, and the Side A Coverage Actions should be
4   consolidated before one court.

5

6          I declare under penalty of perjury under the laws of the United States
7   that this testimony is true and correct.

8

9          Executed this 7th day of April 2011 in Los Angeles, California.

10

11   _____

12

                            Justine M. Daniels
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28