1  BEN H. LOGAN (S.B. #71711)
   blogan@omm.com
2  STEPHEN H. WARREN (S.B. #136895)
   swarren@omm.com
3  JUSTINE M. DANIELS (S.B. #241180)
   jdaniels@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street
5  Los Angeles, California 90071
   Telephone:  (213) 430-6000
6  Facsimile:   (213) 430-6407

7  Attorneys for Defendants
   Those Certain Underwriters At Lloyd's,
8  London and Lexington Insurance Company
   UK, Subscribing to Policy No. QA006807;
9  Those Certain Underwriters At Lloyd's,
   London and Catlin Insurance Company (UK)
10 Ltd., Subscribing to Policy No. QA011608;
   Twin City Fire Insurance Company; and
11 Continental Casualty Company

12 (Additional counsel listed on next page)

13                UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15 | In re: | Case Nos. CV11-2950-RGK and |
16 | INDYMAC BANCORP, INC., | CV11-2998-RGK |
17 | | |
18 | Debtor, | **(1)  NOTICE OF MOTION AND MOTION TO DISMISS;** |
19 | | |
20 | INDYMAC MBS, INC., a Delaware corporation, | **(2)  MEMORANDUM OF POINTS AND AUTHORITIES** |
21 | Plaintiff, | |
22 | v. | Date:         August 22, 2011 |
23 | ACE AMERICAN INS. CO., a Pennsylvania corporation, et al. | Time:         9:00 a.m. |
24 | | Judge:       Hon. R. Gary Klausner |
25 | Defendants. | Courtroom:  850 |

26

27

28

BRIAN HARRISON (S.B. #157123)
brian.harrison@sdma.com
ROBERT S. GEBHARD (S.B. #158125)
robert.gebhard@sdma.com
VEENA A. MITCHELL (S.B. #161153)
veena.mitchell@sdma.com
SEDGWICK LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone:  415-781-7900
Facsimile:   415-781-2635

Attorneys for Defendant
Zurich American Insurance Co.

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE that Defendants Those Certain Underwriters At

3   Lloyd's, London and Lexington Insurance Company UK, Subscribing to Policy No.

4   QA006807 and Those Certain Underwriters At Lloyds, London and Catlin

5   Insurance Company (UK) Ltd., Subscribing to Policy No. QA011608 (erroneously

6   sued as "Certain Underwriters at Lloyds of London, an unincorporated

7   association"); Twin City Fire Insurance Company; Continental Casualty Company;

8   and Zurich American Insurance Company (collectively, the "Defendants") hereby

9   move to dismiss this action brought by Plaintiff IndyMac MBS, Inc. ("IndyMac

10  MBS") under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction.

11       Article III of the United States Constitution requires that this action satisfy

12  the "Case or Controversy" requirement, which it does not, as IndyMac MBS has no

13  standing to seek any insurance coverage declarations under the 2007-2008 and

14  2008-2009 policies at issue in this action.

15       This motion is based upon this Notice of Motion and Motion; the

16  accompanying Memorandum of Points and Authorities; the accompanying

17  Declaration of Theodore A. Boundas and exhibits attached thereto; the complete

18  files and records in this matter; oral argument of counsel; and such other and further

19  matters as this Court may consider.

20       This motion is brought following the conference of counsel pursuant to Local

21  Civil Rule 7-3, which was completed on June 2, 2011.

22       The Defendants and the other parties to this action recently filed a stipulation

23  to extend the response date to the complaint.  That stipulation is intended to allow

24  the parties an opportunity to discuss possible means to coordinate the manner in

25  which these three actions are adjudicated, with the hope that the parties may be able

26  to present a proposal, or several alternatives, to this Court for its consideration.  The

27  Defendants are filing this motion <u>at this time</u> out of an abundance of caution—the

28  response date on this action is June 7, 2001 and Defendants concluded that they did

NTC MOTION + MOTION TO DISMISS;
MEMO P+A ISO MOTION TO DISMISS

1  not want to let that date pass if the Court had not yet entered an order on the

2  stipulation.  Even though they are filing this motion, the Defendants believe that it

3  would be most productive for the parties to work among themselves and with the

4  Court in an effort to develop procedures designed to determine coverage issues in

5  an efficient and organized manner.  Defendants do not intend to derail those efforts

6  by filing this motion and consciously selected a hearing date that should allow time

7  for all concerned to know whether that process will bear fruit.

8         PLEASE TAKE FURTHER NOTICE that, unless otherwise ordered by the

9  Court, Local Civil Rule 7-9 requires that any written response to this motion be

10  filed and served no later than twenty-one (21) days before the hearing date.

11  Dated:        June 7, 2011              BEN H. LOGAN
                                           STEPHEN H. WARREN
12                                         JUSTINE DANIELS
                                           O'MELVENY & MYERS LLP
13

14

15  By: _____
                                              Ben H. Logan
16                                         Attorneys for Defendants
                                           Those Certain Underwriters At Lloyd's,
17                                         London and Lexington Insurance
                                           Company UK, Subscribing to Policy
18                                         No. QA006807; Those Certain
                                           Underwriters At Lloyd's, London and
19                                         Catlin Insurance Company (UK) Ltd.,
                                           Subscribing to Policy No. QA011608;
20                                         Twin City Fire Insurance Company; and
                                           Continental Casualty Company
21

22  Dated:        June 7, 2011              BRIAN D. HARRISON
                                           ROBERT S. GEBHARD
23                                         VEENA A. MITCHELL
                                           SEDGWICK LLP

24

25  By: _____
                                              Veena A. Mitchell
26                                         Attorneys for Defendant
                                           Zurich American Insurance Co.
27

28

NTC MOTION + MOTION TO DISMISS;
                                           MEMO P+A ISO MOTION TO DISMISS

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.   STATEMENT OF FACTS**

3       During the relevant time, IndyMac Bancorp, Inc. ("IndyMac Bancorp") was

4  the ultimate corporate parent of the plaintiff here, IndyMac MBS, Inc. ("IndyMac

5  MBS").   IndyMac Bancorp obtained from some of the Defendants directors' and

6  officers' liability insurance that afforded specified coverage for claims made during

7  the March 1, 2007 to March 1, 2008 Policy Period.  *See* Ex. 1, First Amended

8  Complaint ¶¶ 13, 51, 52.[1]   Prior to the expiration of the 2007-2008 policies,

9  IndyMac Bancorp secured further insurance from a different subset of the

10 Defendants with a Policy Period of March 1, 2008 to April 1, 2009.  *Id.* ¶¶ 51, 53.[2]

11      At the time it obtained these policies, IndyMac Bancorp was the parent of

12 IndyMac Bank, F.S.B. (the "Bank"), which in turn was the parent of IndyMac

13 MBS.  *Id.* ¶ 13.  On July 11, 2008, the Office of Thrift Supervision closed the Bank

14 and appointed the Federal Deposit Insurance Corporation as its receiver.  *Id*. The

15 plaintiff asserts that subsequently the ownership of Indy Mac MBS was transferred

16 to IndyMac Federal, F.S.B. ("IndyMac Federal") and is now held by the federal

17 receivership estate for IndyMac Federal.  *Id*.  On July 31, 2008, IndyMac MBS

18 filed a petition for liquidation under chapter 7 of the Bankruptcy Code.

19      The instant lawsuit brought by IndyMac MBS names a number of insurers

20 and former directors and officers of IndyMac Bancorp, and seeks wide-ranging

21
22 [1] All exhibits to this motion are attached to the Declaration of Theodore A. Boundas In Support of the Motion to Dismiss filed concurrently herewith.

23
24 [2] As for the Defendants joining in this motion, Defendants Those Certain Underwriters At Lloyd's, London and Lexington Insurance Company UK, Subscribing to Policy No. QA006807 issued the primary policy (with a $10 million limit of liability) in the 2007-2008 Policy Period.  *See* Ex. 1, First Amended
25 Complaint, Ex. A.  Defendants Those Certain Underwriters At Lloyd's, London and Catlin Insurance Company (UK) Ltd., Subscribing to Policy No. QA011608
26 issued the primary policy (with a $10 million limit of liability) in the 2008-2009 Policy Period.  *See id.*, Ex. I.  Defendant Zurich American Insurance Co. issued the
27 first excess policies (with a $10 million limit of liability) in both the 2007-2008 and 2008-2009 Policy Periods.  *See id.*, Exs. B, J.  The remaining Defendants joining in this motion issued excess policies in the 2008-2009 Policy Period.  *See id.*, Exs. K,
28 L.

NTC MOTION + MOTION TO DISMISS;
MEMO P+A ISO MOTION TO DISMISS

1    coverage declarations under these 2007-2008 and 2008-2009 policies for 12
2    underlying matters.  Most of these underlying matters do not involve IndyMac
3    MBS.  Specifically, IndyMac MBS seeks judicial determinations that IndyMac
4    MBS is entitled to coverage under the 2007-2008 policies for the three underlying
5    actions in which it has been named, and that certain Defendant-insurers wrongfully
6    paid uncovered, excessive, or unreasonable amounts from certain of the 2007-2008
7    policies that do not exhaust those policies' limits of liability.  *See id.* ¶¶ 116-124,
8    134-35.  IndyMac MBS also seeks determinations that claims asserted by others are
9    covered by the 2008-2009 policies even though IndyMac MBS has submitted no
10   claims under the 2008-2009 policies.  *See id*. ¶¶ 94 - 115.  IndyMac MBS also
11   seeks declarations under both the 2007-2008 and 2008-2009 policies with respect to
12   nine underlying matters to which it is not a party—and for which, accordingly, it
13   does not seek insurance coverage.  *See id.* ¶¶ 93-115, 125-133.  IndyMac MBS
14   contends, and seeks declarations, that many of these underlying matters are not
15   covered under any of the policies.  *See id.* ¶¶ 95, 99, 103, 107, 111.  IndyMac MBS
16   never alleges that it has satisfied the $2.5 million retention applicable to it under the
17   policies or that the exhaustion of such retention is imminent.

18          For the reasons stated below, this action should be dismissed for want of
19   subject matter jurisdiction, because IndyMac MBS lacks standing to obtain the
20   declaratory relief it requests against the Defendants joining in this Motion.[3]

21   **II.    ARGUMENT**

22          This action should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of an
23   Article III "Case or Controversy."  *See Rhoades v. Avon Prods., Inc.,* 504 F.3d
24   1151, 1157 (9th Cir. 2007) ("in a declaratory relief action, . . . a true 'case or
25   controversy' is required to withstand a Rule 12(b)(1) motion for lack of
26   jurisdiction") (quoting *Fleck & Assocs., Inc. v. Phoenix, An Arizona Mun. Corp.,*

27   _____
28   [3] There are a variety of additional reasons why IndyMac MBS's allegations and
     claims are baseless on the merits, but for purposes of this motion, Defendants focus
     solely on threshold jurisdictional defects in IndyMac MBS's complaint.

NTC MOTION + MOTION TO DISMISS;
MEMO P+A ISO MOTION TO DISMISS

1   471 F.3d 1100, 1103-04 (9th Cir. 2006)).

2   > To satisfy Article III's case or controversy requirement, [a plaintiff]

3   > must establish standing to sue.   "[T]he irreducible constitutional

4   > minimum of standing contains three elements":   the plaintiff must

5   > demonstrate (1) an injury-in-fact, (2) causation, and (3) a likelihood

6   > that the injury will be redressed by a decision in the plaintiff's favor.

7   > *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130,

8   > 119 L.Ed.2d 351 (1992).   Because the court's role is "neither to issue

9   > advisory opinions nor to declare rights in hypothetical cases," the case

10  > or controversy standard also requires that a claim be ripe for review.

11  > *Thomas* [*v. Anchorage Equal Rights Comm'n*], 220 F.3d [1134,] 1138

12  > [(9th Cir. 2000) (en banc)] ("The constitutional component of the

13  > ripeness inquiry is often treated under the rubric of standing. . . .").

14  *Human Life of Washington, Inc. v. Brumsickle,* 624 F.3d 990, 1000 (9th Cir. 2010).

15  The standing requirement also calls upon the courts to "satisfy themselves that 'the

16  plaintiff has alleged such a personal stake in the outcome of the controversy' as to

17  warrant <u>his</u> invocation of federal-court jurisdiction."   *Summers v. Earth Island*

18  *Institute,* 129 S. Ct. 1142, 1149 (2009) (quoting *Warth v. Seldin,* 422 U.S. 490, 498-

19  99 (1975) (Court's emphasis)).[4]

20

21  [4] Rule 12(b)(1) jurisdictional attacks can be either "facial" or "factual"—with facial
    attacks being confined to the allegations.   *White v. Lee,* 227 F.3d 1214, 1242 (9th
22  Cir. 2000).   "With a factual Rule 12(b)(1) attack, however, a court may look
    beyond the complaint to matters of public record without having to covert the
23  motion into one for summary judgment. . . . It also need not presume the
    truthfulness of the plaintiffs' allegations."   *Id.* at 1242 (citation omitted); *see also*
24  *Fed. Election Comm'n v. Adams,* 558 F. Supp. 2d 982, 987 (C.D. Cal. 2008) (court
    "may review any evidence, such as affidavits and testimony," on Rule 12(b)(1)
25  motion) (quoting *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988)).
26  "The party invoking federal jurisdiction"—IndyMac MBS here—"bears the burden
    of establishing the[] elements" of standing.   *Lujan,* 504 U.S. at 561; *see FW/PBS,*
27  *Inc. v. Dallas,* 493 U.S. 215, 231 (1990).
28

NTC MOTION + MOTION TO DISMISS;
MEMO P+A ISO MOTION TO DISMISS

1    IndyMac MBS's lawsuit, which seeks a declaration of rights regarding the
2    2007-2008 and 2008-2009 policies, fails Article III's standing requirements for two
3    reasons:  (1) IndyMac MBS lacks standing to request any declaration regarding the
4    2008-2009 insurance policies because it has no actual stake in the claims it is
5    asserting, as IndyMac MBS has not requested and cannot request coverage under
6    those policies; and (2) IndyMac MBS has no standing to request any declaration
7    regarding the 2007-2008 insurance policies because it has suffered no injury-in-
8    fact, as its claims are too contingent, remote, and speculative.

9    **A.    IndyMac MBS Has No Stake In The Coverage Provided By The**
10   **2008-2009 Policies.**

11   IndyMac MBS lacks standing to seek declaratory relief regarding the 2008-
12   2009 policies, because IndyMac MBS has no personal stake in the outcome of the
13   coverage determinations it requests.  *See Summers,* 129 S. Ct. at 1149; *see also*
14   *Lujan,* 504 U.S. at 560 (plaintiff must show injury to a "legally protected interest");
15   *Valley Forge Christian College v. Americans United for Separation of Church and*
16   *State, Inc.,* 454 U.S. 464, 472 (1982) ("Art. III requires the party who invokes the
17   court's authority to 'show that he personally has suffered some actual or threatened
18   injury'") (quoting *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99
19   (1979)).

20   IndyMac MBS lacks the required personal stake in the outcome of any
21   coverage questions involving the 2008-2009 policies because it has alleged no—
22   and, indeed, has no—interest in the 2008-2009 policies.  In its complaint, IndyMac
23   MBS alleges that it is named as a defendant in litigation it refers to as the "MBS
24   Litigation" (Ex. 1 ¶ 73), the "FHLB Chicago Litigation" (*id.* ¶ 78), and the "FHLB
25   Indianapolis Litigation" (*id.* ¶ 79).   IndyMac MBS contends that "the MBS
26   Litigation may be covered under . . . the First Tower," *i.e.,* the 2007-2008 policies.
27   Similarly, IndyMac MBS alleges that the FHLB Chicago Litigation and the FHLB
28   Indianapolis Litigation "may be covered under . . . the First Tower."  *Id.* ¶¶ 121,

4

123.

Importantly, IndyMac MBS does not allege that it has submitted any claim for coverage under the 2008-2009 policies.  Nor does IndyMac MBS allege, or seek a declaration, that any claim made against it is covered by the 2008-2009 policies. IndyMac MBS has the burden of demonstrating its standing, but since it has asserted no claims under the 2008-2009 policies, it has no basis to request judicial relief with regard to these policies.  Accordingly, its complaint as against the insurers that issued the 2008-2009 policies should be dismissed.

**B.**   **IndyMac MBS Has Suffered No "Injury In Fact" Implicating The 2007-2008 Policies.**

IndyMac MBS likewise has no standing to seek a declaration under the 2007-2008 insurance policies because it has not suffered any "injury-in-fact," which is one of the essential elements of an Article III "Case or Controversy."  To demonstrate injury-in-fact, a plaintiff "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized" and "actual and imminent, not conjectural or hypothetical."  *Summers*, 129 S. Ct. at 1149 (2009); *see also Lujan,* 504 U.S. at 560 (plaintiff must show "actual or imminent" harm to a "legally protected interest").[5]

IndyMac MBS's complaint lacks this essential requirement because it alleges no "actual or imminent" injury.  To the contrary, the insurance coverage in the 2007-2008 policies is subject to an uninsured retention of $2.5 million, and applies only to Loss "in excess of the applicable Retention. . . ."  *See* Ex. 1, First Amended Complaint, Ex. A, Clause IV.A; *see also id.,* Insuring Clause I.C.  IndyMac MBS has not alleged that this retention has been exhausted, or indeed, that such

[5] This inquiry is closely related to the Article III question of ripeness:  "The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong. . . .  Indeed, because the focus of our ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138 (9th Cir. 2000) (citing *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980)).

NTC MOTION + MOTION TO DISMISS;
MEMO P+A ISO MOTION TO DISMISS

1    exhaustion is even imminent.  Indeed, based on the most recent information
2    available to Defendants, it appears that IndyMac MBS is not close to depleting the
3    $2.5 million retention amount.  In a letter dated April 6, 2011, IndyMac MBS's
4    counsel, William R. Stein, stated that "IndyMac MBS has not yet incurred
5    $2,500,000 in Loss under the Policy," noting that IndyMac MBS "had incurred
6    over $500,000" through November 2010.  *See* Ex. 2 at 2.

7         "The party invoking federal jurisdiction bears the burden of establishing the[]
8    elements" of standing—including an injury in fact that is "actual and imminent"
9    and not "conjectural or hypothetical."  *See Lujan,* 504 U.S. at 560, 561; *FW/PBS,*
10   *Inc. v. Dallas,* 493 U.S. 215, 231 (1990); *Summers,* 129 S. Ct. at 1149.  Because
11   IndyMac MBS has not established that it has exhausted the uninsured retention of
12   $2.5 million, or that such exhaustion is imminent, IndyMac MBS has failed to
13   establish an Article III Case or Controversy with respect to its request for
14   declaratory relief under the 2007-2008 insurance policies.

15        This principle has been illustrated by a number of courts in analogous
16   situations.  For example, in *Laguna Publishing Co. v. Employers Reinsurance*
17   *Corp.*, 617 F. Supp. 271 (C.D. Cal. 1985), the court concluded that a declaratory
18   judgment action brought against an insurer that provided an excess layer of
19   coverage did not satisfy the "actual controversy" requirements of the Constitution
20   and the federal judicial code when the complaint did not allege that the plaintiff has
21   exhausted the primary coverage.  As the court explained, this action was not
22   justiciable because the "question of [the excess carrier's] liability to Laguna may
23   never become an issue at all…. Until [the primary carrier's] liability under the
24   primary policy is settled, the Court cannot be certain that a controversy will arise
25   between" the insured and the carrier that provided excess coverage.  *Id.* at 273.
26   Similarly, in *Iolab Corp. v. Seaboard Surety Co.*, 15 F.3d 1500 (9th Cir. 1994), the
27   Ninth Circuit Court of Appeals held that it was not proper to bring a declaratory
28   judgment action against a carrier that provided excess coverage until the plaintiff

NTC MOTION + MOTION TO DISMISS;
MEMO P+A ISO MOTION TO DISMISS

1   had established that the excess coverage will be triggered. *Id*. at 1505.  This is true

2   even if it is tempting to "sue all insurers in order to make a comprehensive

3   determination of coverage." *Id*. at 1504.[6]

4   / / /

5   / / /

6   / / /

7   / / /

8   / / /

9   / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20
[6] *Iolab* was decided under California law.  Since then, some courts have questioned
21   whether California law requires that the primary coverage in fact be exhausted
     before a declaratory judgment action can be brought against a carrier that provided
22   excess coverage.  But even those cases hold that California law requires that the
     plaintiff "alleges a loss that exceeds the primary coverage." *Fremont Reorganizing*
23   *Corp., v. Federal Ins. Co.*, 2010 WL 444718, *4 (C.D. Cal. 2010).  Here IndyMac
     MBS has not even satisfied that loose standard, assuming *arguendo*, that it is a
24   correct statement of California law.  Moreover, irrespective of California law, a
     federal court being asked to issue a declaratory judgment is bound by strict federal
25   standards of jurisdiction and justiciability. *Colapinto v. Esquire Deposition Serv.,*
     *LLC*,  2011 WL 913251, *3 (C.D. Cal. 2011) ("This Court, however, must apply
26   federal law in determining Plaintiff's standing because 'standing to sue in any
     Article III court is a federal question which does not depend on the party's prior
27   standing in state court"; rejecting argument that plaintiff would have standing under
     California law).  As noted above, in *Laguna Publishing,* the court decided there was
28   no standing under the "actual case or controversy" requirements of federal law
     when primary coverage had not been established or exhausted

NTC MOTION + MOTION TO DISMISS;
                                        MEMO P+A ISO MOTION TO DISMISS

1

## III.  **CONCLUSION**

2       For the foregoing reasons, Defendants hereby respectfully request that this

3   Court dismiss this action for want of subject matter jurisdiction.

4

5   Dated:        June 7, 2011              BEN H. LOGAN

6                                          STEPHEN H. WARREN
                                           JUSTINE DANIELS
7                                          O'MELVENY & MYERS LLP

8

9                                          By: _____
                                               Ben H. Logan
10                                             Attorneys for Defendants
                                           Those Certain Underwriters At Lloyd's,
11                                         London and Lexington Insurance
                                           Company UK, Subscribing to Policy
12                                         No. QA006807; Those Certain
                                           Underwriters At Lloyd's, London and
13                                         Catlin Insurance Company (UK) Ltd.,
                                           Subscribing to Policy No. QA011608;
14                                         Twin City Fire Insurance Company; and
                                           Continental Casualty Company
15
    Dated:        June 7, 2011              BRIAN D. HARRISON
16                                         ROBERT S. GEBHARD
                                           VEENA A. MITCHELL
17                                         SEDGWICK LLP

18

19                                         By: _____
                                               Veena A. Mitchell
20                                             Attorneys for Defendant
                                           Zurich American Insurance Co.
21

22

23

24

25

26

27

28

NTC MOTION + MOTION TO DISMISS;
                                           MEMO P+A ISO MOTION TO DISMISS