ANDREW J. WAXLER, SBN. 113682
GRETCHEN S. CARNER, SBN. 132877
WAXLER♦CARNER♦BRODSKY LLP
1960 East Grand Avenue, Suite 1210
El Segundo, California 90245
Telephone:   (310) 416-1300
Facsimile:   (310) 416-1310
e-mail:      awaxler@wcb-law.com
e-mail:      gcarner@wcb-law.com

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INDYMAC BANCORP, INC., a Delaware corporation,<br><br>Debtor.<br><br>――――――――――――――<br><br>INDYMAC MBS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INS. CO., a Pennsylvania corporation, ZURICH AMERICAN INS. CO.,  a Delaware Corporation; TWIN CITY FIRE INS. CO.,  a Delaware Corporation; CONTINENTAL CASUALTY CO., a Delaware Corporation; XL SPECIALTY INS. CO., a Delaware corporation; ARCH INS. CO., a Delaware corporation; AXIS INS. CO., a Delaware Corporation; CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, an unincorporated association; FEDERAL INS. CO., a New Jersey corporation; NATIONAL UNION FIRE NS. CO. OF PITTSBURGH, PENNSYLVANIA, a | Case No. CV11-02950 RGK and CV11-2998-RGK<br><br>[Assigned to Judge R. Gary Klausner]<br><br>**(1)   NOTICE OF MOTION AND MOTION TO DISMISS;**<br><br>**(2)   MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      July 25, 2011<br>Time:      9:00 a.m.<br>Courtroom: 850<br><br>[Filed concurrently with Declaration of Gretchen S. Carner and Proposed Order] |

1  Delaware corporation; LEXINGTON )
   INS. CO., a Delaware corporation; )
2  CATLIN INS. CO., a United Kingdom )
   corporation; MICHAEL W. PERRY ; )
3  A. SCOTT KEYS; LOUIS E. )
   CALDERA; LYLE E. GRAMLEY; )
4  HUGH M. GRANT; PATRICK C. )
   HADEN; TERRENCE G. HODEL; )
5  ROBERT L. HUNT II; LYNDIA H. )
   KENNARD; BRUCE G. WILLISON; )
6  JOHN OLINSKI; S. BLAIR )
   ABERNATHY; RAPHAEL BOSTIC; )
7  SAMIR GROVER; SIMON HEYRICK; )
   VICTOR H. WOODWORTH; )
8  LYNETTE ANTOSH; SCOTT VAN )
   DELLEN; RICHARD KOON; )
9  KENNETH SHELLEM; WILLIAM )
   ROTHMAN; JILL JACOBSEN; )
10 KEVIN CALLAN; AND ALFRED H. )
   SIEGEL, as Chapter 7 bankruptcy )
11 trustee of INDYMAC BANCORP, IND. )
                                    )
12            Defendants.           )
                                    )
13 _____ )

14       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

15       PLEASE TAKE NOTICE that Defendant National Union Fire Insurance

16 Company of Pittsburgh, Pa. ("National Union") hereby moves to dismiss this action

17 brought by Plaintiff IndyMac MBS, Inc. ("IndyMac MBS") under Fed. R. Civ. P.

18 12(b)(1) for want of subject matter jurisdiction.

19       Article III of the United States Constitution requires that this action satisfy the

20 "Case or Controversy" requirement, which it does not, as IndyMac MBS has no

21 standing to seek any insurance coverage declarations under the 2007-2008 National

22 Union Policy at issue in this action.

23       This motion is based upon this Notice of Motion and Motion; the

24 accompanying Memorandum of Points and Authorities; the accompanying

25 Declaration of Gretchen S. Carner and exhibits attached thereto; the complete files

26 and records in this matter; oral argument of counsel; and such other and further

27 matters as this Court may consider.

28

1    On June 8, 2011, the Court ordered the parties to respond to IndyMac MBS's

2  First Amended Complaint ("FAC") by June 14, 2011.  This motion is brought

3  following the conference of counsel pursuant to Local Civil Rule 7-3, which was

4  completed on June 9, 2011.

5  Dated: June 13, 2011                WAXLER ◆ CARNER ◆ BRODSKY LLP

6

7

8                                      By:

9                                          ANDREW J. WAXLER
                                           GRETCHEN S. CARNER
10                                         Attorneys for Defendant
                                           NATIONAL UNION FIRE INSURANCE
11                                         COMPANY OF PITTSBURGH, PA.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2

3   I.      STATEMENT OF FACTS .............................................................. 7

4   II.     ARGUMENT .................................................................................. 9

5          A.    There is No "Case or Controversy" Between IndyMac
                 MBS and National Union. ..................................................... 9
6
          B.    IndyMac MBS Has Suffered No "Injury In Fact"
7                Implicating The National Union Policy. ............................. 10

8   III.    CONCLUSION ............................................................................. 13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF AUTHORITIES**

2 **Cases**

3 *Colapinto v. Esquire Deposition Serv., LLC*

4      2011 WL 913251, *3 (C.D. Cal. 2011) ......................................................... 12

5 *Fed. Election Comm'n v. Adams*

6      558 F.Supp.2d 982 (C.D. Cal. 2008) ........................................................... 10

7 *Fleck & Assocs., Inc. v. Phoenix, An Arizona Mun. Corp.*

8      471 F.3d 1100 (9th Cir. 2006) ....................................................................... 9

9 *Fremont Reorganizing Corp., v. Federal Ins. Co.*

10      2010 WL 444718, *4 (C.D. Cal. 2010) ....................................................... 12

11 *FW/PBS, Inc. v. Dallas*

12      493 U.S. 215 (1990) ............................................................................... 10, 11

13 *Human Life of Washington, Inc. v. Brumsickle*

14      624 F.3d 990 (9th Cir. 2010) ......................................................................... 9

15 *Iolab Corp. v. Seaboard Surety Co.*

16      15 F.3d 1500 (9th Cir. 1994) ....................................................................... 12

17 *Laguna Publishing Co. v. Employers Reinsurance Corp.*

18      617 F. Supp. 271 (C.D. Cal. 1985 ......................................................... 11, 12

19 *Lujan v. Defenders of Wildlife*

20      504 U.S. 555, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992) ................... 9, 10, 11

21 *McCarthy v. United States*

22      850 F.2d 558 (9th Cir. 1988) ....................................................................... 10

23 *Rhoades v. Avon Prods., Inc.*

24      504 F.3d 1151 (9th Cir. 2007) ....................................................................... 9

25 *Summers v. Earth Island Institute*

26      129 S. Ct. 1142 (2009) ........................................................................... 10, 11

27 *Thomas v. Anchorage Equal Rights Comm'n*

28      220 F.3d 1134 (9th Cir. 2000) ................................................................. 9, 10

*United States Parole Comm'n v. Geraghty*
    445 U.S. 388 (1980) ..................................................................... 10

*Warth v. Seldin*
    422 U.S. 490 (1975) ..................................................................... 10

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) ................................................... 10

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ..................................................................... 9, 10

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    STATEMENT OF FACTS**

3           During the relevant time, IndyMac Bancorp, Inc. ("IndyMac Bancorp") was

4   the ultimate corporate parent of the plaintiff here, IndyMac MBS, Inc. ("IndyMac

5   MBS").  IndyMac Bancorp obtained from some of the defendants directors' and

6   officers' liability insurance that afforded specified coverage for claims made during

7   the March 1, 2007 to March 1, 2008 Policy Period.  (Declaration of Gretchen S.

8   Carner ("Carner Decl.") Ex. 1, First Amended Complaint ("FAC") ¶¶ 13, 51, 52.)[1]

9   Prior to the expiration of the 2007-2008 policies, IndyMac Bancorp secured further

10  insurance from a different subset of the defendants with a Policy Period of March 1,

11  2008 to April 1, 2009.  (FAC, ¶¶ 51, 53.)

12          At the time it obtained these policies, IndyMac Bancorp was the parent of

13  IndyMac Bank, F.S.B. (the "Bank"), which in turn was the parent of IndyMac MBS.

14  (FAC, ¶ 13.)  On July 11, 2008, the Office of Thrift Supervision closed the Bank

15  and appointed the Federal Deposit Insurance Corporation as its receiver.  (*Id.*)

16  IndyMac MBS asserts that subsequently the ownership of IndyMac MBS was

17  transferred to IndyMac Federal, F.S.B. ("IndyMac Federal") and is now held by the

18  federal receivership estate for IndyMac Federal.  (*Id.*)  On July 31, 2008, IndyMac

19  MBS filed a petition for liquidation under chapter 7 of the Bankruptcy Code.

20          The instant lawsuit brought by IndyMac MBS names a number of insurers

21  and former directors and officers of IndyMac Bancorp, and seeks wide-ranging

22  coverage declarations under these 2007-2008 and 2008-2009 policies for 12

23  underlying matters.  Most of these underlying matters do not involve IndyMac

24  MBS.  Specifically, IndyMac MBS seeks judicial determinations that IndyMac MBS

25  is entitled to coverage under 2007-2008 policies for the three underlying actions in

26  _____

27

28  [1] All exhibits to this motion are attached to the Declaration of Gretchen S.
    Carner In Support of the Motion to Dismiss filed concurrently herewith.

1  which it has been named, and that certain defendant-insurers wrongfully paid

2  uncovered, excessive, or unreasonable amounts from certain of the 2007-2008

3  policies that do not exhaust those policies' limits of liability.  (FAC, ¶¶ 116-124,

4  134-35.)  IndyMac MBS also seeks determinations that claims asserted by others are

5  covered by the 2008-2009 policies even though IndyMac MBS has submitted no

6  claims under the 2008-2009 policies.  (FAC, ¶¶ 94-115.)  IndyMac MBS also seeks

7  declarations under both the 2007-2008 and 2008-2009 policies with respect to nine

8  underlying matters to which it is not a party – and for which, accordingly, it does not

9  seek insurance coverage.  (FAC, ¶¶ 93-115, 125-133.)  IndyMac MBS contends, and

10  seeks declarations, that many of these underlying matters are not covered under any

11  of the policies.  (FAC, ¶¶ 95, 99, 103, 107, 111.)  IndyMac MBS never alleges that

12  it has satisfied the $2.5 million retention applicable to it under the policies or that

13  the exhaustion of such retention is imminent.

14  　　　IndyMac MBS alleges that National Union issued policy number 966-82-76

15  to Named Insured IndyMac Bancorp, Inc. effective March 1, 2007 to March 1, 2008,

16  with limits of $10 million excess of $30 million of underlying limits (the "National

17  Union Policy").  (Carner Decl., Ex. 1, p. 71(FAC, ¶ 52d., Exhibit D).)  IndyMac

18  MBS never alleges that the $30 million in limits underlying the policy issued by

19  National Union have been paid for covered "Loss" as that term is defined in the

20  National Union Policy.

21  　　　For the reasons stated below, this action should be dismissed for want of

22  subject matter jurisdiction, because IndyMac MBS lacks standing to obtain the

23  declaratory relief it requests against National Union.[2]

24

25  _____

26

27  　　　[2] There are a variety of additional reasons why IndyMac MBS's allegations
    and claims are baseless on the merits, but for purposes of this motion, National

28  Union focuses solely on threshold jurisdictional defects in IndyMac MBS's
    complaint.

1
2  **II.    ARGUMENT**

3      **A.      There is No "Case or Controversy" Between IndyMac MBS and**

4              **National Union.**

5          This action should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of an

6  Article III "Case or Controversy." (*See Rhoades v. Avon Prods., Inc.*, 504 F.3d

7  1151, 1157 (9th Cir. 2007) ("in a declaratory relief action, … a true 'case or

8  controversy' is required to withstand a Rule 12(b)(1) motion for lack of

9  jurisdiction") (quoting *Fleck & Assocs., Inc. v. Phoenix, An Arizona Mun. Corp.*,

10  471 F.3d 1100, 1103-04 (9th Cir. 2006)).)

11          To satisfy Article III's case or controversy requirement, [a plaintiff]

12          must establish standing to sue.   "[T]he irreducible constitutional

13          minimum of standing contains three elements":  the plaintiff must

14          demonstrate (1) an injury-in-fact, (2) causation, and (3) a likelihood

15          that the injury will be redressed by a decision in the plaintiff's favor.

16          *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 119

17          L.Ed.2d 351 (1992).  Because the court's role is "neither to issue

18          advisory opinions nor to declare rights in hypothetical cases,"  the case

19          or controversy standard also requires that a claim be ripe for review.

20          *Thomas [v. Anchorage Equal Rights Comm'n]*, 220 F.3d [1134,] 1138

21          [9th Cir. 2000) (en banc)] ("The constitutional component of the

22          ripeness inquiry is often treated under the rubric of standing….").

23  (*Human Life of Washington, Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir.

24  2010).)  The standing requirement also calls upon the courts to "satisfy themselves

25  that 'the plaintiff has alleged such a personal stake in the outcome of the controversy

26  to warrant <u>his</u> invocation of federal-court jurisdiction." (*Summers v. Earth Island*

27
28

1 *Institute*, 129 S. Ct. 1142, 1149 (2009) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-

2 99 (1975) (Court's emphasis)).)[3]

3      IndyMac MBS's lawsuit, which seeks a declaration of rights regarding the

4 2007-2008 and 2008-2009 policies, fails Article III's standing requirements because

5 IndyMac MBS has no standing to request any declaration regarding these insurance

6 policies, let alone the 2007-2008 National Union Policy (4th tier excess), because it

7 has suffered no injury-in fact, as its claims are too contingent, remote, and

8 speculative.

9     **B.**    **<u>IndyMac MBS Has Suffered No "Injury In Fact" Implicating The</u>**

10        **<u>National Union Policy.</u>**

11      IndyMac MBS has no standing to seek a declaration under the National Union

12 Policy because it has not suffered any "injury-in-fact," which is one of the essential

13 elements of an Article III "Case or Controversy."  To demonstrate 'injury-in-fact', a

14 plaintiff "must show that he is under threat of suffering 'injury in fact' that is

15 concrete and particularized" and "actual and imminent, not conjectural or

16 hypothetical." (*Summers*, 129 S. Ct. at 1149 (2009); *see also Lujan*, 504 U.S. at 560

17 (plaintiff must show "actual or imminent" harm to a "legally protected interest").)[4]

18

19 ———————————————

20    [3] Rule 12(b)(1) jurisdictional attacks can be either "facial" or "factual" – with facial

21 attacks being confined to the allegations. (*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).)  "With a factual Rule 12 (b)(1) attack, however, a court may look beyond the complaint to matters of public record without having to covert the motion into one for

22 summary judgment… It also need not presume the truthfulness of the plaintiffs' allegations." (*Id.* at 1242 (citation omitted); *see also Fed. Election Comm'n v. Adams*, 558

23 F. Supp.2d 982, 987 (C.D. Cal. 2008) (court "may review any evidence, such as affidavits and testimony," on Rule 12(b)(1) motion) (quoting *McCarthy v. United States*, 850 F.2d

24 558, 560 (9th Cir. 1988)).)  "The party invoking federal jurisdiction" – IndyMac MBS here – "bears the burden of establishing the [] elements" of standing. (*Lujan*, 504 U.S. at 561;

25 *see FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).)

26    [4] This inquiry is closely related to the Article III question of ripeness:  "The constitutional component of the ripeness inquiry is often treated under the rubric of

27 standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong… Indeed, because the focus of our ripeness can be characterized as standing on a

28 timeline." (*Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (citing *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).)

1    IndyMac MBS's FAC lacks this essential requirement because it alleges no

2  "actual or imminent" injury.  To the contrary, the insurance coverage in the 2007-

3  2008 policies is subject to an uninsured retention of $2.5 million, and applies only to

4  Loss "in excess of the applicable Retention…" (*See* FAC Ex. A, Clause IV.A; *see*

5  *also id.*, Insuring Clause I.C.)  IndyMac MBS has not alleged that this retention has

6  been exhausted, or that such exhaustion is even imminent.  Indeed, it appears that

7  IndyMac MBS is not close to depleting the $2.5 million retention amount.  In a

8  letter date April 6, 2011, IndyMac MBS's counsel, William R. Stein, stated that

9  "IndyMac MBS has not yet incurred $2,500,000 in Loss under the Policy," noting

10  that IndyMac MBS "had incurred over "500,000" through November 2010. (*See*

11  Declaration of Theodore A. Boundas, Exhibit 2, [Docket No. 28].)  In addition,

12  there is no allegation that any of the policies with limits underlying the National

13  Union Policy are exhausted by payments of covered "Loss" as that term is defined

14  in the National Union Policy.

15    "The party invoking federal jurisdiction bears the burden of establishing the[]

16  elements" of standing – including an injury in fact that is "actual and imminent" and

17  not "conjectural or hypothetical."  (*See Lujan*, 504 U.S. at 560, 561; *FW/PBS, Inc. v.*

18  *Dallas*, 493 U.S. 215, 231 (1990); *Summers*, 129 S. Ct. at 1149.)  Because IndyMac

19  MBS has not established that it has exhausted the uninsured retention of $2.5

20  million, or that such exhaustion is imminent, IndyMac MBS has failed to establish

21  an Article III Case or Controversy with respect to its request for declaratory relief

22  under the fourth tier 2007-2008 excess National Union Policy with limits of $10

23  million excess of $30 million.  National Union did not issue a policy for the 2008-

24  2009 policy period.

25    This principle has been illustrated by a number of courts in analogous

26  situations.  For example, in *Laguna Publishing Co. v. Employers Reinsurance*

27  *Corp.*, 617 F. Supp. 271 (C.D. Cal. 1985), the court concluded that a declaratory

28

1  judgment action brought against an insurer that provided an excess layer of coverage

2  did not satisfy the "actual controversy" requirements of the Constitution and the

3  federal judicial code when the complaint did not allege that the plaintiff has

4  exhausted the primary coverage.  As the court explained, this action was not

5  justiciable because the "question of [the excess carrier's] liability to Laguna may

6  never become an issue at all… Until [the primary carrier's] liability under the

7  primary policy is settled, the Court cannot be certain that a controversy will arise

8  between" the insured and the carrier that provided excess coverage.  (*Id.* at 273.)

9  Similarly, in *Iolab Corp. v. Seaboard Surety Co.*, 15 F.3d 1500 (9th Cir. 1994), the

10  Ninth Circuit Court of Appeals held that it was not proper to bring a declaratory

11  judgment action against a carrier that provided excess coverage until the plaintiff

12  had established that the excess coverage will be triggered.  (*Id.* at 1505.)  This is true

13  even if it is attempting to "sue all insurers in order to make a comprehensive

14  determination of coverage."  (*Id.* at 1504.)[5]

15

16

17

18

19

        _____

20

21       [5] *Iolab* was decided under California law.  Since then, some courts have questioned

    whether California law requires that the primary coverage in fact be exhausted before a

22  declaratory judgment action can be brought against a carrier that provided excess

    coverage.  But even those cases hold that California law requires that the plaintiff "alleges

23  a loss that exceeds the primary coverage."  (*Fremont Reorganizing Corp., v. Federal Ins.

    Co.*, 2010 WL 444718, *4 (C.D. Cal. 2010).)  Here IndyMac MBS has not even satisfied

24  that loose standard, assuming *arguendo*, that it is a correct statement of California law.

    Moreover, irrespective of California law, a federal court being asked to issue a declaratory

25  judgment is bound by strict federal standards of jurisdiction and justiciability.  (*Colapinto

    v. Esquire Deposition Serv., LLC*, 2011 WL 913251, *3 (C.D. Cal. 2011) ("This Court,

26  however, must apply federal law in determining Plaintiff's standing because 'standing to

    sue in any Article III court is a federal question which does not depend on the party's prior

27  standing in state court"; rejecting argument that plaintiff would have standing under

    California law).)  As noted above, in *Laguna Publishing*, the court decided there was no

28  standing under the "actual case or controversy" requirements of federal law when primary

    coverage had not been established or exhausted.

1  **III.   <u>CONCLUSION</u>**

2          For the foregoing reasons, National Union hereby respectfully requests that

3  this Court dismiss this action against it for want of subject matter jurisdiction.

4  Dated: June 13, 2011                    WAXLER ◆ CARNER ◆ BRODSKY LLP

5

6

7                                    By:   _____

8                                          ANDREW J. WAXLER
                                           GRETCHEN S. CARNER
9                                          Attorneys for Defendant
                                           NATIONAL UNION FIRE INSURANCE
10                                          COMPANY OF PITTSBURGH, PA.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )

2

3

I am employed in Los Angeles County.  My business address is 1960 E. Grand Avenue, Suite 1210, El Segundo, California 90245, where this mailing occurred.  I am over the age of 18 years and am not a party to this cause.  I am readily familiar with the practices of WAXLER♦CARNER♦BRODSKY LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

4

5

6

On June 14, 2011, I served the foregoing documents on the interested parties in this action entitled as follows:

7

8

**(1)  NOTICE OF MOTION AND MOTION TO DISMISS;**
**(2)  MEMORANDUM OF POINTS AND AUTHORITIES**

9

[XX]     by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

10

11

**SEE ATTACHED PROOF OF SERVICE LIST**

12

[XX]     (**BY MAIL**)  I placed such envelope for collection and mailing on this date following ordinary business practices.

13

[  ]     (**BY PERSONAL SERVICE**)  I caused to be hand delivered such envelope to the addressee so indicated.

14

15

[XX]     (**BY THE COURT'S ECF SYSTEM**):  I caused each such document(s) to be transmitted electronically by posting such document electronically to the ECF website of the United States District Court for the Central District of California, on all ECF-registered parties in the action.

16

17

[  ]     (**BY FEDERAL EXPRESS**)  I am "readily familiar with the firm's practice of collection and processing correspondence for mailing via Express Mail (or another method of delivery providing for overnight delivery pursuant to *C.C.P.* § 1005(b)).  Under that practice, it would be deposited with the United States Postal  Service or other overnight delivery carrier (in this case, Federal Express) on that same day with postage thereon fully prepaid at El Segundo, California in the ordinary course of business.

18

19

20

21

[  ]     (**BY FACSIMILE**)  I caused to be served, via facsimile, the above-entitled document(s) to the office of the addressee so indicated.

22

[XX]     (**STATE**)  I declare under penalty of perjury that the foregoing is true and correct.

23

[  ]     (**FEDERAL**)  I declare that I am employed in the office of a member of the bar of this court at whose direction the services was made.

24

25

Executed on June 14, 2011, at El Segundo, California.

26

27

_Celia Flippin_
CELIA FLIPPIN

28

**SERVICE LIST**

*In Re Indymac Bancorp, Inc.*
*IndyMac MBS, Inc., v. ACE American Insurance Company, et al.*
United States District Court Case No. CV11-2950-RGK and CV11-2998-RGK

| | |
|---|---|
| ***ATTORNEY FOR PLAINTIFF INDYMAC MBS, INC.***<br><br>Allan H. Ickowitz<br>Thomas D. Long<br>David Graelar<br>NOSSAMAN LLP<br>445 S. Figueroa Street, 31st Floor<br>Los Angeles, CA  90071<br><br>Email: aickowitz@nossaman.com<br>Email: tlong@nossaman.com<br>Email: dgraelar@nossman.com<br><br>Ph. (213) 612-7800<br>Fax (213) 612-7801 | ***TRUSTEE***<br><br>Alfred H. Siegel (TR)<br>CROWE HORWATH LLP<br>15233 Ventura Boulevard<br>Ninth Floor<br>Sherman Oaks, CA  91403-2250<br><br>Email: al.siegel@crowehorwath.com<br><br>Ph. (818) 501-5200<br>Fax (818) 907-9632 |
| ***UNITED STATES TRUSTEE***<br><br>United States Trustee (LA)<br>725 S. Figueroa Street, 26th Floor<br>Los Angeles, CA  90017<br><br>Email: ustpregion16.la.ecf@usdoj.gov | ***CHAPTER 7 TRUSTEE***<br><br>Matthew C. Heyn<br>KLEE, TUCHIN,<br>    BOGDANOFF & STERN LLP<br>1999 Avenue of the Stars, 39th Floor<br>Los Angeles, CA  90067-6049<br><br>Email: mhen@ktlslaw.com<br><br>Ph. (310) 407-4000<br>Fax (310) 407-9090 |
| ***ATTORNEY FOR DEFENDANT MICHAEL W. PERRY***<br><br>Louis E. Kempinsky<br>John C. Keith<br>PEITZMAN WEG & KEPMINSKY LLP<br>2020 Century Park, East, Suite 3100<br>Los Angeles, CA  90067<br><br>Email: lkempinsky@pwkllp.com<br>Email: jkeith@pwkllp.com<br><br>Ph. (310) 552-3100<br>Fax (310) 552-3101 | ***ATTORNEY FOR DEFENDANT MICHAEL W. PERRY***<br><br>D. Jean Veta<br>Dennis B. Auerbach<br>Jarrett Williams<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br><br>Email: jveta@cov.com<br>Email: dauerbach@cov.com<br>Email: jwilliams@cov.com<br><br>Ph. (202) 662-6000<br>Fax (202) 662-6291 |

1
2
3

**CONTINUED SERVICE LIST**

| **ATTORNEY FOR DEFENDANT**<br>***ACE AMERICAN INSURANCE CO.*** | **ATTORNEY FOR DEFENDANT**<br>***ACE AMERICAN INSURANCE CO.*** |
|---|---|
| Ira Revich<br>CHARLESTON, REVICH<br>   & WOLLITZ PPL<br>1925 Century Park, East, Suite 1250<br>Los Angeles, CA  90067-2746<br><br>Email: irevich@crwllp.com<br><br>Ph. (310) 551-7000<br>Fax (310) 203-9321 | Edward P. Gibbons<br>WALKER WILCOX MATOUSEK LLP<br>255 W. Washington Street, Suite 2400<br>Chicago, IL  60606<br><br>Email: egibbons@wwmlawyers.com<br><br>Ph. (312) 244-6700<br>Fax (312) 244-6800 or (312) 244-6801 |
| **ATTORNEY FOR DEFENDANTS**<br>***ACE AMERICAN INSURANCE CO.,***<br>***ARCH INSURANCE COMPANY, AXIS***<br>***INSURANCE COMPANY, and XL***<br>***SPECIALTY INSURANCE CO.*** | **ATTORNEY FOR DEFENDANTS**<br>***ACE AMERICAN INSURANCE CO., ARCH***<br>***INSURANCE COMPANY, AXIS***<br>***INSURANCE COMPANY, and XL***<br>***SPECIALTY INSURANCE CO.*** |
| Adam A. Lewis<br>Vincent J. Novak<br>MORRISON AND FOERSTER<br>425 Market Street<br>San Francisco, CA  94105<br><br>Email: alewis@mofo.com<br>Email: vnovak@mofo.com<br><br>Ph. (415) 268-7000<br>Fax (415) 268-7522 | Nancy R. Thomas<br>MORRISON AND FOERSTER<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA  90013<br><br>Email: nthomas@mofo.com<br><br>Ph. (213) 892-5561<br>Fax (213) 892-5454 |
| **ATTORNEY FOR DEFENDANT**<br>***XL SPECIALTY INSURANCE CO.*** | **ATTORNEY FOR DEFENDANT**<br>***ARCH INSURANCE CO.*** |
| Jason P. Cronic<br>WILEY REIN LLP<br>1776 K. Street, N.W.<br>Washington, DC  20006<br><br>Email: jcronic@wileyrein.com<br><br>Ph. (202) 719-7000<br>Fax (202) 719-7049 | Kim W. West<br>Alec H. Boyd<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA  94105<br><br>Email: kwest@tuckerellis.com<br>Email: alec.boyud@tuckerellis.com<br><br>Ph. (415) 617-2400<br>Fax (415) 617-2409 |

PROOF OF SERVICE

**CONTINUED SERVICE LIST**

| *ATTORNEY FOR DEFENDANT AXIS INSURANCE CO.* | *ATTORNEY FOR DEFENDANT FEDERAL INSURANCE CO.* |
|---|---|
| Ommid C. Farashahi<br>BATES & CAREY LLP<br>191 North Wacker, Suite 2400<br>Chicago, IL 60606<br><br>Email: ofarashahi@bcnlaw.com<br><br>Ph. (312) 762-3100<br>Fax (312) 762-3200 | Asheley G. Dean<br>HOGAN LOVELLS US LLP<br>1999 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br><br>Email: asheley.dean@hoganlovells.com<br><br>Ph. (310) 785-4600<br>Fax (310) 785-4601 |
| *ATTORNEY FOR DEFENDANTS THOSE CERTAIN UNDERWIRTERS AT LLOYD'S, LONDON AND CATLIN INSURANCE COMPANY (UK) LTD., TWIN CITY FIRE INSURANCE COMPANY, and CONTINETNAL CASUALTY COMPANY* | *ATTORNEY FOR DEFENDANTS LOUIS E. CALDERA; LYLE E. GRAMLEY; HUGH M. GRANT; PATRICK C. HADEN; TERRENCE G. HODEL; ROBERT L. HUNT, II; LYDIA H. KENNARD; BRUCE G. WILLISON; RAPHAEL BOSTIC; and LYNETTE ANTOSH* |
| Ben H. Logan<br>Stephen H. Warren<br>Justine M. Daniels<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br><br>Email: blogan@omm.com<br>Email: swarren@omm.com<br>Email: jdaniels@omm.com<br><br>Ph. (213) 430-6000<br>Fax (213) 430-6407 | Kathleen M. McDowell<br>John W. Spiegel<br>MUNGER, TOLLES & OLSON<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071-1560<br><br>Email: kathleen.mcdowell@mto.com<br>Email: jspiegel@mto.com<br><br>Ph. (213) 683-9100<br>Fax (213) 687-3702 |
| *ATTORNEY FOR DEFENDANT A. SCOTT KEYS* | *ATTORNEY FOR DEFENDANT S. BLAIR ABERNATHY* |
| Gregory S. Bruch<br>Jessica L. Matelis<br>WILLKIE FARR & GALLAGHER LLP<br>1875 K. Street, N.W.<br>Washington, DC 20006-1238<br><br>Email: jmatelis@willkie.com<br><br>Ph. (202) 303-1000<br>Fax (202) 303-2000 | Robert H. Fairbank<br>FAIRBANK & VINCENT<br>444 S. Flower Street, Suite 3860<br>Los Angeles, CA 90071<br><br>Email: rfairbank@fairbankvincent.com<br><br>Ph. (213) 891-9010<br>Fax (213) 891-9011 |

1
2
3

**CONTINUED SERVICE LIST**

4
5
6
7
8
9
10
11

| *ATTORNEY FOR DEFENDANTS JOHN OLINSKI, SAMIR GROVER, SIMON HEYRICK, VICTOR H. WOODWORTH, SCOTT VAN DELLEN, WILLIAM ROTHMAN, JILL JACOBSEN, and KEVIN CALLAN* | *ATTORNEY FOR DEFENDANTS RICHARD KOON and KENNETH SHELLEM* |
|---|---|
| Michael W. Fitzgerald<br>CORBIN, FITZGERALD & ATHEY<br>601 West Fifth Street, Suite 1150<br>Los Angeles, CA  90071-2024<br><br>Email: mwfitz@corbfitzlaw.com<br><br>Ph. (213) 612-0001<br>Fax (213) 612-0061 | Kirby D. Behre<br>PAUL HASTINGS JANOFSKY<br>  & WALKER LLP<br>875 15th Street, N.W.<br>Washington, DC 20005<br><br>Email: kirbybehre@paulhastings.com<br><br>Ph. (202) 551-1700<br>Fax (202) 551-1705 |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE