NOSSAMAN LLP
THOMAS D. LONG, (SBN 105987)
tlong@nossaman.com
SCOTT N. YAMAGUCHI (SBN 157472)
syamaguchi@nossaman.com
DAVID GRAELER (SBN 197836)
dgraeler@nossaman.com
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: 213.612.7800

Attorneys for Plaintiff, INDYMAC MBS, Inc,
a Delaware corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>INDYMAC BANCORP, INC., a Delaware corporation,<br><br>Debtor. | Case Nos.: CV 11-02950-RGK<br>CV 11-02998-RGK<br><br>Adv. Proc. No.: 2:11-cv-02998-RGK<br><br>**PLAINTIFF'S OFFER OF PROOF IN OPPOSITION TO MOTIONS OF CERTAIN INSURERS TO DISMISS PLAINTIFF'S COMPLAINT** |
| INDYMAC MBS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, et al.<br><br>Defendants. | DATE: July 25, 2011 [off-calendar]<br>TIME: 9:00 a.m. [off-calendar]<br>DEPT: 850 (Judge Klausner) |

408432.1_DOC

PLAINTIFF'S OFFER OF PROOF IN OPPOSITION TO MOTIONS OF CERTAIN INSURERS TO DISMISS

In lieu of oral argument, plaintiff, IndyMac MBS, Inc. ("MBS") submits this offer of proof of proposed amendments to its complaint, if this Court were to grant (and it should NOT grant) any or all of the pending motions to dismiss by certain of the insurer defendants. This proffer should be deemed unnecessary because MBS' operative complaint is justiciable "as is" -- but even if any of the motions are granted, MBS should be entitled to leave to amend and/or remand to State Court.

MBS could amend its complaint in at least the following ways.

1. <u>California Cause of Action.</u> Only if absolutely necessary: eliminate any claim for relief from the federal courts, to be replaced by a cause of action for declaratory relief under California law, for adjudication upon remand to the State Court -- free of Article III constraints on the federal judiciary -- pursuant to Code of Civil Procedure section 1060, which expressly authorizes such an action "before there has been any breach of the obligation in respect to which said declaration is sought." The pending motions to dismiss are based in part on the argument that there is no claim for declaratory relief until there is a failure to pay insurance proceeds that are due. Even if this were an accurate analysis of federal law (and it is not) it is not an accurate statement of California law.

2. <u>Two New Underlying Lawsuits.</u> Specifically allege a strong likelihood of exhaustion from defense costs and potential liabilities in three existing lawsuits and two new ones, very likely to exceed $2.5 million in defense costs alone, consisting of both attorney's fees and legal expenses, based on reasonable projections and inferences about the probable "burn rate" to be explained in further detail. This is based not only on the 3 underlying lawsuits naming MBS as a defendant currently referenced in the complaint and the more than $500,000 in defense costs incurred to date in early proceedings, but also the two additional lawsuits that were recently filed against IndyMac MBS after the filing of the

405549

operative complaint which therefore does not mention these lawsuits. These two lawsuits are *National Credit Union Administration Board v. RBS Securities, Inc.*, case no. 2:11-cv-02340-RDR-KGS, filed on June 20, 2011, in the U.S. District Court for the District of Kansas ("NCUA 1") (Plaintiff's Request for Judicial Notice ["RJN"], Exh. A), and *National Credit Union Administration Board v. J.P. Morgan Securities LLC,* case no. 2:11-cv-02341-EFM-JPO, filed on June 20, 2011, in the U.S. District Court for the District of Kansas ("NCUA 2") (Plaintiff's Request for Judicial Notice, Exh. B). The NCUA 1 action appears to allege damages in connection with MBS mortgage securities of more than $39 million (RJN, Exh. A, p. 39, bottom table at "month 12"), plus nearly $8 million (RJN, Exh. A, p. 40, top table at month 12). The NCUA 2 action appears to allege damages of more than $18 million (RJN, Exh. B, p. 37, top table, month 12).

    3.   <u>Insurance Bad Faith Claim.</u>  Include an express cause of action for breach of the implied covenant of good faith and fair dealing, based on the insurers' current and ongoing failure to take reasonable steps to ensure the future availability of insurance proceeds for all of their insureds (including MBS), by some means of equitable apportionment that does not prejudice and discriminate against those insureds (especially MBS) whose coverage claims will allegedly not become ripe until some later time. The insurers' failure in this regard would be further explored in discovery.

DATED: July 20, 2011

NOSSAMAN LLP
THOMAS D. LONG
SCOTT N. YAMAGUCHI
DAVID GRAELER


By:    /s/ SCOTT N. YAMAGUCHI
       SCOTT N. YAMAGUCHI
Attorneys for Plaintiff, INDYMAC MBS, INC., a Delaware Corporation