UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-02950-RGK; CV 11-02998-RGK | Date | August 25, 2011 |
|---|---|---|---|
| Title | IN RE: INDYMAC BANCORP, INC. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) AMENDED Order Re: Defendant Insurers' Motion to Dismiss (11-2950 DE 32, DE 33, DE 40; 11-2998 DE 27, DE 28, DE 29, DE 36)

## I.  INTRODUCTION

On February 23, 2011, IndyMac MBS, Inc. ("Plaintiff") filed suit in Los Angeles County Superior Court seeking declaratory relief under 28 U.S.C. §§ 2201-02 and California Code of Civil Procedure § 1060 regarding its rights and obligations under a series of directors and officers insurance policies. Defendants are insurance carriers ("the Insurers"), directors and officers of IndyMac Bancorp ("Bancorp") who claim benefits under the insurance policies ("Individual Insured Defendants"), and Alfred H. Siegel, the Chapter 7 trustee for the bankruptcy estate of Bancorp. The case was removed to federal court where it was referred to the Bankruptcy Court because it is related to the bankruptcy case filed by Bancorp under Title 11, Chapter 7 of the United States Code. On May 17, 2011, the Court withdrew the bankruptcy reference as to these two cases.

Presently before the Court are Motions to Dismiss brought by one group of ABC insurers and one ABC insurer individually in cv:11-02950-RGK and Motions to Dismiss brought by one group of ABC insurers, one ABC insurer individually, and all of the Side A insurers in cv:11-02998-RGK. The pending motions all stem from the same declaratory action filed by Plaintiff.

As explained below, all of the motions are **GRANTED**.

## II.  FACTUAL BACKGROUND

Bancorp was the corporate parent of IndyMac Bank, F.S.B., which in turn was the parent of the Plaintiff. Plaintiff is now wholly-owned by the IndyMac Federal receivership estate which is in receivership with the Federal Deposit Insurance Corporation.

On February 23, 2011, Plaintiff commenced this action for declaratory relief in Los Angeles County Superior Court. On March 16, 2011, one of the Individual Insured Defendants removed the case to federal court where it was automatically referred to the Bankruptcy Court. On March 30, 2011, Plaintiff filed a First Amended Complaint ("FAC") in Bankruptcy Court. On May 17, 2011, the Court granted The Insurers' Motion to Withdraw the Reference to Bankruptcy Court.

### A.  The Insurer Defendants

Together the insurer defendants provide $160,000,000 of insurance coverage between sixteen policies. Eight of these policies provide coverage for the 2007-2008 Policy Year from March 1, 2007 to March 1, 2008 (the "First Tower") and eight provide coverage for the 2008-2009 Policy Year from March 1, 2008 through April 1, 2009 (the "Second Tower"). Both towers are composed of eight layers of insurance coverage and each layer is limited to $10,000,000 of coverage. The four policies that provide the first four layers of coverage in each Tower are ABC policies. The second set of four policies in each Tower are Side-A policies.

#### 1.  *The ABC Policies*

The ABC Policies provide coverage for the following losses: (1) losses resulting from claims against directors and officers of Bancorp for individual acts, also known as "Side-A" coverage; (2) losses resulting from Bancorp's indemnification of its directors and officers, also known as "Side-B" coverage; and (3) losses sustained by Bancorp and its subsidiaries as a result of securities law violations, also known as "Side-C" coverage. The Side-A coverage is for the Individual Insured Defendants, the Side-B coverage is for the Trustee, and the Side-C coverage is for Plaintiff.

In both Towers, the ABC Policies consist of a primary policy valued at $10,000,000, supplemented by three layers of excess coverage at $10,000,000 per layer, for total coverage of $40,000,000 million per Tower. The ABC Policies are subject to "priority of payment" provisions, under which Side-A and Side-B coverage are entitled to priority of payment within each layer over Side-C coverage.

In the First Tower (2007-2008), Certain Underwriters at Lloyd's, London and Lexington Insurance Company ("Lloyds L&L") issued the primary policy. Zurich American Insurance Company ("Zurich"), Federal Insurance Company ("Federal"), and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National") issued the successive excess ABC coverage layers for the First Tower.

In the Second Tower (2008-2009), Certain Underwriters at Lloyd's, London and Catlin Insurance Company (UK) Ltd. ("Lloyds L&C") issued the primary policy. Twin City Fire Insurance Company ("Twin City"), Continental Casualty Company ("Continental"), and Zurich issued the successive excess ABC coverage layers for the Second Tower. Hereinafter, all of the providers of ABC coverage for First and Second Tower will collectively be referred to as the "ABC Insurers."

#### 2.  *The Side-A Policies*

The Side-A Policies provide Side-A coverage only, for losses resulting from claims against the Individual Insured Defendants. In both Towers, the Side-A Policies provide the fifth, sixth, seventh, and eighth coverage layers of the Tower. Like the ABC Policies, the Side-A

Policies include a primary policy with three layers of excess coverage. For both Towers, XL Specialty Insurance Company provides the primary policy, and Arch Insurance Company, Ace American Insurance Company, and Axis Reinsurance Company (collectively the "Side-A Insurers") provide the successive excess Side-A coverage.

### B. Underlying Actions

At the time Plaintiff filed its FAC, twelve separate underlying actions (the "Underlying Actions") had been filed against Plaintiff, the Independent Insured Defendants, or the Trustee. These actions allege various improprieties, mostly centering around mortgage backed securities. Only three of the Underlying Actions were brought against the current Plaintiff.

### C. Present Motions

On June 7, 2011, Lloyds L&L, Lloyds L&C, Twin City, Zurich, and Continental filed a Motion to Dismiss Plaintiff's FAC for lack of standing under Rule 12(b)(1) ("ABC Motion") in both cv:11-02950-RGK and cv:11-02998-RGK. Federal joined the ABC Motion in both cases the same day.[1] National filed its own Motion to Dismiss for lack of standing under Rule 12(b)(1) on June 14, 2011 in both cases.

All four Side-A Insurers filed a Motion to Dismiss for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) ("Side-A Motion") in cv:11-02998-RGK only.

## III. JUDICIAL STANDARD

A party may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). When a defendant files a 12(b)(1) motion, the plaintiff has the burden of establishing that the Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Claims brought under the Declaratory Judgment Act must still meet the Article III requirements of justiciable cases and controversies. *Aetna Life Ins. Co v. Haworth*, 300 U.S. 227, 239-40 (1937). The dispute between the parties must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* at 240-41. The alleged injury must be sufficiently immediate and not too speculative. *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009).

## III. DISCUSSION

Plaintiff seeks a determination of rights and liabilities under the ABC and Side-A insurance policies in the Underlying Actions. It seeks to have the subject of each action declared part of either the First or Second Tower of coverage, for a determination of whether alleged improprieties on behalf of the Individual Defendants that are the subject of the Underlying Actions would fall within the scope of the insurance policies, and for the Court to attempt to forecast what the amount due in the Underlying Actions might be.

---

[1] Federal is considered joined to the first ABC motion and further reference to the ABC motion includes Federal.

All of the Insurers contend that the Court does not have subject matter jurisdiction because Plaintiff has no standing to request declaratory relief. Defendants' arguments as to standing depend, in part, on the type of insurance coverage they provide. Therefore the Court will address the motions as to each group of defendants separately.

### A.    The ABC Motions

The ABC insurers argue that Plaintiff has no standing to seek declaratory judgment. For reasons explained below, the Court agrees and the motion is **GRANTED.**

    1.    *Coverage to the Individual Defendants Is Prioritized over Coverage to the Plaintiff Under the ABC Policies*

Plaintiff seeks a determination of the coverage available to the individual defendants under the ABC Insurance policies so as to ascertain whether the pending actions against those individual defendants will fall within the scope of the insurance policy coverage. Plaintiff acknowledges that the ABC policies prioritize coverage for the Individual Defendants over any coverage that it might eventually receive under the ABC policies. (Compl. 21:15-17.) Therefore it requests that the Court make a determination on coverage for the Individual Defendants so as to ascertain whether it may be eligible to receive coverage under the policies.

Plaintiff's request for declaratory relief is too remote to constitute a case or controversy under Article III. Any eventual insurance coverage that may be owed to Plaintiff under the ABC policies can only be determined after the underlying actions involving the Individual Defendants have been concluded. Plaintiff does not yet have an adequate injury that would make this case justiciable.

    2.    *Any Coverage Owed by the ABC Insurer Defendants Is Too Speculative Because Plaintiff Has Not yet Triggered Coverage*

Plaintiff acknowledges that the policies are structured so that each layer of excess insurance is only triggered upon exhaustion of the underlying layer. (Compl. 12:26-13:2.) Plaintiff has not alleged that any of the insurance policies have been improperly exhausted. Whether the second, third, and fourth layers of insurance coverage will ever be triggered in the underlying actions is too speculative to give rise to a valid request for standing in the current case.

Additionally, any injury to Plaintiff under the first layer of the insurance policy is also too speculative. In order to trigger any coverage under the policy, Plaintiff must first meet its $2,500,000 deductible; Plaintiff has not yet met its deductible. (Stern Letter Apr. 6, 2011.) Therefore, any injury to Plaintiff under even the first layer of coverage in either policy year is too speculative at this point.

Plaintiff lacks standing to bring this request for declaratory relief as to the ABC Insurer Defendants. Therefore the ABC Motion to dismiss is **GRANTED** without prejudice. Unless and until Plaintiff has a cognizable injury under the ABC insurance plans it has no standing to request declaratory relief.

### B.    National's Motion

National, an ABC Insurer, brought its own Motion to Dismiss on grounds similar to the ABC Motion. Specifically, National argues that the claims against it are even more tenuous as

it provides the fourth layer of ABC coverage in the First Tower. $30,000,000 in coverage must be provided by the primary and two excess policies below it before Plaintiff can recover from National.

For the reasons discussed above, National's Motion to Dismiss is **GRANTED** without prejudice.

### C.   The Side-A Motion

The Side-A Insurers contend that Plaintiff lacks standing to request any declaratory relief regarding the Side-A Policies because it has no actual stake in a determination under those policies, given that the Side-A Policies provide coverage only for the Individual Insured Defendants. The Court agrees. Plaintiff concedes that it is not an Side-A policyholder and that only the Individual Insured Defendants are entitled to Side-A coverage. (Pl.'s Br. 12:15 - 16.)

The Court finds that Plaintiff has not and cannot adequately allege that it has a legal interest in the Side-A Policies under either the First or Second Tower. Therefore, the Side-A insurers' Motion to Dismiss for lack of standing is **GRANTED**. The Court need not address the Motion to Dismiss under Rule 12(b)(6).

## IV.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss. Based on the Court's ruling Plaintiff is hereby ordered to show cause in writing by September 6, 2011 why the holding in this motion should not be applied to the remaining Defendants.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw |  |